# In the United States Court of Federal Claims

WALTER EDWARD COCHRAN, IV,
as personal representative of
WALTER COCHRAN,

                *Plaintiff,*

v.

THE UNITED STATES,

                *Defendant.*

No. 22-1474C

(Filed: September 11, 2023)

Arthur A. Schulcz, Sr, Leesburg, VA, for plaintiff.

Reta E. Bezak, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER
### Granting the Government's Motion to Dismiss the First Amended Complaint

**SILFEN,** *Judge.*

Chaplain Lieutenant Walter Cochran filed a complaint in this court for relief based on denial of a promotion in 2004 that resulted in his receiving lower pay over the rest of his career, through 2011, than if he had received the promotion. The government filed a motion to dismiss or, in the alternative, for judgment on the administrative record. Chaplain Cochran responded that, although he agrees that this Court lacks jurisdiction over the subject matter of his complaint, he would like a transfer to district court. Chaplain Cochran's claims are time-barred, and a district court would not have jurisdiction over the subject matter of the complaint. Thus, this Court **dismisses** Chaplain Cochran's first amended complaint and **denies** his alternative request for a transfer to district court.

**I.    Background**

Chaplain Cochran served as an active-duty Air Force chaplain from January 1984 to January 1, 2011, when he was selected for retirement.[1] ECF No. 12-1 at 1 [¶1]. During his service, in

---

[1] This background section accepts the allegations in Chaplain Cochran's amended complaint as true. The government disputes Chaplain Cochran's date of separation, stating that the admini-

1

2004, Chaplain Cochran was eligible but not selected for promotion to colonel. ECF No. 12 at 2-3 [¶¶6-9].

Promotion selection boards make promotion decisions based on a candidate's official file, which includes the candidate's performance reports. Chaplain Cochran's performance reports did not list interim positions that he held, and he alleges that, if not for that missing information, he would have been promoted. *E.g.*, ECF No. 12 at 20-21 [¶¶41-42]. Chaplain Cochran alleges that Catholic Air Force chaplains purposely left out that information, seeking to undermine his career based on a deep-seated hatred for his Pentecostal faith. *E.g.*, *id.* at 4 [¶12].

In 2007, Chaplain Cochran petitioned the Air Force Board for the Correction of Military Records ("Board") to expunge his 2002-03 performance report from his record and to submit his corrected file to a supplemental promotion board. ECF No. 16 at 8-9; ECF No. 12 at 23-24 [¶51]. The report was removed from his record, but Chaplain Cochran alleged that it was replaced with another unfair report. ECF No. 12 at 23-24 [¶51]. In 2009, Chaplain Cochran petitioned the Board for reconsideration, requesting a promotion to the grade of colonel, retroactive to 2004. The Board declined to change its decision. Chaplain Cochran again sought reconsideration in 2010, and in 2011 the Board granted some but not all of Chaplain Cochran's requested relief. ECF No. 16 at 11. The Board directed that Chaplain Cochran's record be updated and submitted to a special selection board to determine if he should have received a promotion to colonel in 2004. The special selection board reviewed his corrected record and decided not to select Chaplain Cochran for promotion to colonel. Chaplain Cochran twice more sought reconsideration; the Board denied those petitions with respect to promotion in 2014 and 2019. ECF No. 12 at 3-4 [¶¶11, 14]; ECF No. 12-1 at 2 [¶4]; ECF No. 16 at 9.

In 2022, Chaplain Cochran filed a complaint in this Court, and later an amended complaint, requesting that the Court order his direct promotion to colonel or, in the alternative, require the military to provide another chance for promotion before a special selection board. ECF No. 1 at 29 [¶74]; ECF No. 12 at 30 [¶79]. Shortly after he filed this suit, Chaplain Cochran died. His son, Walter Edward Cochran IV, was substituted as his personal representative. ECF No. 8.

## II.   Discussion

The government moves to dismiss the amended complaint, arguing, among other things, that (1) the statute of limitations bars all of Chaplain Cochran's claims; (2) the Court lacks jurisdiction to consider Chaplain Cochran's constitutional claims or his request for correction of his records; and (3) the Court should decline to transfer the case to district court.

Chaplain Cochran agrees that the Court lacks jurisdiction to consider either his constitutional claims or his request for correction of his records, but he argues that the Court should therefore transfer the complaint to the U.S. District Court for the Eastern District of Virginia, and the district court can assess its own jurisdiction.

---

strative record demonstrates that it was one day earlier, on December 31, 2010. That one-day difference does not affect the issues in this case.

On a motion to dismiss under rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If the Court determines that it lacks subject-matter jurisdiction, it must dismiss the action. RCFC 12(b)(1), (h)(3); *see Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted)).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).

This Court's jurisdiction is primarily defined by the Tucker Act, which provides the Court with exclusive jurisdiction to decide specific types of monetary claims against the United States. *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); 28 U.S.C. § 1491(a)(1). "Jurisdiction under the Tucker Act is exclusive in the Court of Federal Claims for claims above $10,000." *Kanemoto*, 41 F.3d at 644.

The Tucker Act provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

The Military Pay Act, 37 U.S.C. § 204, "confers on an officer the right to the pay of the rank he was appointed to up until he is properly separated from the service." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997). The Military Pay Act thus "provides for suit in [the Court of Federal Claims] when the military, in violation of the Constitution, a statute, or a regulation, has denied military pay." *Antonellis v. United States*, 723 F.3d 1328, 1331 (Fed. Cir. 2013) (quoting *Dysart v. United States*, 369 F.3d 1303, 1315 (Fed. Cir. 2004)).

### A. The statute of limitations bars Chaplain Cochran's claims in this Court

This Court lacks jurisdiction to hear Chaplain Cochran's complaint because his claims are barred by the six-year statute of limitations.

Under the Tucker Act, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. That includes claims under the Military Pay Act, 37 U.S.C. § 204. *Davis v. United States*, 550 F. App'x 864, 866-67 (Fed. Cir. 2013). The Tucker Act's six-year statute of limitations is considered "jurisdictional," as it limits the government's waiver of sovereign immunity, and the Court must consider the timeliness of a claim even if neither party raises it. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008). The statute of limitations is also not susceptible to equitable tolling. *Id.* at 136.

Causes of action under the Tucker Act accrue as soon as "all events have occurred to fix the Government's alleged liability." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc). In a military discharge case, a "plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge." *Id.* Likewise, in a case involving a claim for back pay for

failure to promote, the cause of action accrues at the time of discharge. *Lynch v. United States*, 135 Fed. Cl. 494, 500 (2017).

There is no requirement that the plaintiff seek relief from a correction board or that the correction board enter a final decision denying relief. *Martinez*, 333 F.3d at 1304; *see Heisig v. United States*, 719 F.2d 1153, 1155 (Fed. Cir. 1983). Instead, a correction board is a permissive administrative remedy that does not toll the statute of limitations or prevent the cause of action from accruing. *Martinez*, 333 F.3d at 1304. Thus, the statute of limitations begins to run when the plaintiff is discharged, and whatever correction board remedy the plaintiff chooses to pursue runs concurrently with that statute of limitations.

Chaplain Cochran does not dispute that he was discharged in 2011, at the latest. ECF No. 12-1 at 1 [¶1]. While he separately pursued a permissive administrative remedy through the Board, any cause of action under the Tucker Act accrued well over six years before he filed his 2022 complaint in this Court. Chaplain Cochran's claims are late in this Court, *Martinez*, 333 F.3d at 1303-04, depriving the Court of the authority to hear the case, *John R. Sand & Gravel*, 552 U.S. at 753-54.

### B.   A transfer to district court is not warranted

Chaplain Cochran alternatively requests a transfer of his case to the U.S. District Court for the Eastern District of Virginia. A transfer to district court is inappropriate in this circumstance.

Transfer to a district court "is appropriate if (1) the transferor court lacks jurisdiction; (2) the action could have been brought in the transferee court at the time it was filed; and (3) transfer is in the interest of justice." *Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012) (citing 28 U.S.C. § 1631).

While this Court lacks jurisdiction over the case based on the statute of limitations, discussed above, the Virginia district court also lacks jurisdiction over this case because the subject matter of the case is within this Court's exclusive jurisdiction. Further, transfer is not in the interest of justice, particularly where Chaplain Cochran's hypothetical suit that would fall exclusively under the Administrative Procedure Act (APA) would also likely be untimely.

### 1.   This case's subject matter is within the exclusive jurisdiction of this Court, so the Virginia district court lacks jurisdiction over it

Chaplain Cochran's first amended complaint alleges violations of the Military Pay Act (37 U.S.C. §§ 204, 206) and the APA (5 U.S.C. §§ 702, 706). ECF No. 12 at 1-2 [¶3]. He brought his complaint under the Tucker Act (28 U.S.C. § 1491(a)(1)), arguing that he was improperly denied a promotion to the rank of colonel, a promotion that should have been effected in 2004. Had he received that promotion, he argues, he would have been entitled to back pay and benefits. ECF No. 12 at 1 [¶2]; ECF No. 21 at 4. Chaplain Cochran argues that he was denied the promotion for improper reasons, including his supervisors' religious and personal prejudice based on Chaplain Cochran's stated beliefs. ECF No. 12 at 1 [¶2]. Chaplain Cochran's causes of action are within this Court's exclusive jurisdiction.

Chaplain Cochran's first amended complaint describes three causes of action plus a fourth count that requests a transfer to district court. First, he argues that, under the Military Pay Act, he is entitled to "monetary relief … that would follow from the correction of his record and either a direct promotion or fair consideration by a special selection board." ECF No. 12 at 26-27 [¶¶60-64]. He argues that his non-selection for the promotion to colonel was caused by "overt religious prejudice and retaliation" and resulted in "monetary damages." *Id.*

Count 2 of Chaplain Cochran's first amended complaint alleges "violations of the First and Fifth Amendments." ECF No. 12 at 27. He describes the behavior that he believes violated his rights under the First and Fifth Amendments, including hostility to his sincerely held religious beliefs. *Id.* at 27-29 [¶¶65-72]. He argues that, if not for Board errors failing to recognize that discrimination, "he would've been selected by the [B]oard" for promotion to colonel. *Id.* at 29 [¶73].

Count 3 of Chaplain Cochran's first amended complaint alleges that the Board's denial of a promotion to colonel was arbitrary, capricious, and contrary to law. ECF No. 12 at 29-30 [¶¶74-79]. He argues that the Board wrongly refused to correct his military record and that this Court should find that he "is entitled to promotion" or, alternatively, that "a special selection board [should] be convened to consider such promotion on the basis of a corrected record." *Id.*

The first amended complaint ends with an alternative request for transfer to the Virginia district court and a request for costs, fees, and any other equitable relief. ECF No. 12 at 30-31.

Chaplain Cochran's requests for relief all amount to arguments in support of his fundamental request, for money that would total the amount of additional pay he would have received if he had been promoted to colonel in 2004. He brought his complaint under the Tucker Act for back pay and correction of his military records. ECF No. 12 at 1-2 [¶¶2-3]. He sought $400,000 in damages. ECF No. 1-29.

Once Chaplain Cochran decided to argue for a transfer of his case to the Virginia district court, he began to argue that "he has neither sought nor is seeking monetary relief." ECF No. 21 at 1. But the relief Chaplain Cochran seeks is in fact monetary. He explains, "Upon promotion, he would be 'unretired'; the Air Force would … determine the amount of active duty pay and benefits he would be entitled to." *Id.* at 4. Chaplain Cochran continues, "That financial award would go to his estate and/or representative for distribution or award based on his will or probate decisions." *Id.* In other words, Chaplain Cochran is seeking monetary relief that would be distributed to his estate, equivalent to the pay that the military would have owed him had it promoted him. And although the correction of his military records is equitable relief, it is in service of the back pay request.

Those requests for monetary relief are within the exclusive jurisdiction of this Court. 28 U.S.C. § 1491(a)(2). As the Federal Circuit has explained, suits seeking back pay and correction of military records under the Military Pay Act are suits within this Court's exclusive jurisdiction under the Tucker Act. *Smith v. Secretary of the Army*, 384 F.3d 1288, 1293-94 (Fed. Cir. 2004) ("[T]he Court of Federal Claims can offer a service member … an adequate remedy for a claim relating to military status (and thus deprive the district court of jurisdiction over the claim) if the service member's claim constitutes a request for money (together with a request for ancillary

equitable relief) and if the request is based on a money-mandating statute, such as the Military Pay Act.") (citing *Bowen v. Massachusetts*, 477 U.S. 879 (1988)). Even if Chaplain Cochran were also or primarily seeking the correction of his records for purposes of pride or other intangible benefits, which he is not (*see* ECF No. 21), that would not be sufficient to place those claims outside this Court's exclusive jurisdiction. *Smith*, 384 F.3d at 1294.

The government and Chaplain Cochran both argue that this Court does not have jurisdiction over some of Chaplain Cochran's claims. ECF No. 14 at 24-27; ECF No. 16 at 1-3. Chaplain Cochran further argues that this Court's lack of jurisdiction must mean that a district court, such as the Virginia district court, would have jurisdiction. ECF No. 16 at 6-8. But the subject matter of this suit is exclusively within this Court's jurisdiction. The relief that he seeks is monetary. And to the extent that Chaplain Cochran's request for correction of his military records is a claim for injunctive or equitable relief, the Federal Circuit has held that "it would be improper to divide this case into two parts based on the character of the remedies sought." *Smith*, 384 F.3d at 1297 n.4. Instead, as the Federal Circuit explained, a plaintiff seeking both back pay and correction of military records "has a single claim for constructive service credit and the benefits flowing from it; the fact that a plaintiff seeks different kinds of remedies does not justify allowing him to litigate the same claim in multiple forums." *Id.* The Federal Circuit has further explained that "[t]hat is particularly true in this setting because if the Court of Federal Claims can grant relief on his monetary claims, it can grant appropriate equitable relief as well; on the other hand, if the Court of Federal Claims is not authorized to grant monetary relief, there is no other waiver of sovereign immunity available to [the plaintiff] with respect to a claim for money damages." *Id.*

A case belongs in this court, where at "bottom it is a suit for money for which the Court of Federal Claims can provide an adequate remedy." *Suburban Mortgage Associates, Inc. v. U.S. Dep't of Housing & Urban Development*, 480 F.3d 1116, 1118 (Fed. Cir. 2007).

The government argues that "Count 2 of the complaint alleges violations of the First and Fifth Amendments. … To the extent that this claim is distinct from—as opposed to simply a basis for—a claim of unlawful discharge or failure to promote, it falls outside this Court's jurisdiction because the First and Fifth Amendments do not provide for the payment of money." ECF No. 14 at 25. Although a freestanding First or Fifth Amendment claim may be outside this Court's jurisdiction, I read Chaplain Cochran's complaint as raising those arguments as *bases for* his claims of unlawful failure to promote. They are not separate freestanding claims. They are tied to the relief he seeks. Chaplain Cochran argues that, if not for Board errors in failing to recognize unlawful conduct against him—conduct that he alleges violated the First and Fifth Amendments—"he would've been selected by the [B]oard" for promotion to colonel. ECF No. 12 at 29 [¶73]; *see* ECF No. 21 at 3-4 ("If he is promoted, he would be credited with active duty.").

The Federal Circuit has addressed this question of constitutional claims in the context of wrongful discharge under the Military Pay Act. "The presence of a constitutional issue does not erase the jurisdiction of the Court of Federal Claims based on a properly brought claim under the Tucker Act, or bar the court from considering the constitutional issue in the course of determining whether the discharge was wrongful." *Holley*, 124 F.3d at 1466. Determination of a plaintiff's "entitlement to remedy under 37 U.S.C. § 204 may include consideration of whether his removal

violated constitutional rights." *Id*. The "constitutional issue does not stand alone, but is a factor in the claim for which Tucker Act jurisdiction is established." *Id*.[2]

In sum, Chaplain Cochran's claims of First and Fifth Amendment violations are in support of money claims and thus are within this Court's exclusive jurisdiction. The Virginia district court would lack jurisdiction over those claims.

The government also argues that Chaplain Cochran's request for correction of his records is not tied to a money judgment and therefore does not fall within this Court's jurisdiction. ECF No. 14 at 25-27. That is incorrect. As explained above, Chaplain Cochran's complaint requests correction of his military records in order to receive the back pay he alleges he is entitled to. His first amended complaint asserts that he was denied a promotion, which caused him to suffer monetary damages. ECF No. 12 at 27 [¶64]. In further briefing, Chaplain Cochran explains that, "[i]f he is promoted, he would be credited," and "the Air Force would compute his new … retirement date … and determine the amount of active duty pay and benefits he would be entitled to. … That financial award would go to his estate and/or representative for distribution or award based on his will or probate decisions." ECF No. 21 at 3-4. The equitable relief of the retroactive promotion that Chaplain Cochran seeks is "an incident of and collateral to" the money damages he seeks. 28 U.S.C. § 1491(a)(2); *Smith*, 384 F.3d at 1297 n.4. It is therefore within this Court's exclusive jurisdiction, and the Virginia district court would lack jurisdiction.

Notably, even if this Court lacked jurisdiction over the request for correction of his records—that is, if it had not been tied to a request for monetary damages—that would not provide the Virginia district court with jurisdiction over the claim. Instead, no court would have jurisdiction over that claim. *Dysart*, 369 F.3d at 1315 ("In general, the subject of military promotions is beyond the competence of courts to review." The exception is under the Military Pay Act, which "provides for suit in the Court of Federal Claims when the military, in violation of the Constitution, a statute, or a regulation, has denied military pay."); *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002) ("[N]either the Court of Federal Claims nor [the Federal Circuit] will review those specific conclusions of military review boards that speak to the question of whether an officer deserved to be promoted or retained in service."); *Randall v. United States*, 95 F.3d 339, 348 (4th Cir. 1996).

Finally, Chaplain Cochran also argues that the Virginia district court would have jurisdiction over his complaint based on the APA, which waives sovereign immunity independent of the Tucker Act. ECF No. 16 at 7-8. But if a plaintiff's claims fall under the Tucker Act, they cannot separately support an APA suit. *Mitchell v. United States*, 930 F.2d 893, 895 (Fed. Cir. 1991) ("Section 704 of the APA limits Section 702's waiver of sovereign immunity to claims 'for which there is no other adequate remedy in a court.'" (citing 5 U.S.C. §§ 704, 702)); *Martinez*, 333 F.3d at 1313 ("The cases on which Mr. Martinez relies were all nonstatutory review actions under the APA seeking equitable relief, not Tucker Act actions for money. … Because the plaintiffs did not seek monetary relief, and thus had no Tucker Act remedy, they were able to invoke the APA's

---

[2] The same is true for claims under the Religious Freedom Restoration Act, to which Chaplain Cochran's amended complaint alludes (ECF No. 12 at 28 [¶70]). *Klingenschmitt v. United States*, 119 Fed. Cl. 163, 184-85 (2014); *see Webman v. Federal Bureau of Prisons*, 441 F.3d 1022, 1024-26 (D.C. Cir. 2006).

7

waiver of sovereign immunity for actions against the United States 'seeking relief other than money damages,' 5 U.S.C. § 702, and they were able to challenge the correction boards' decisions as they were 'adversely affected or aggrieved,' *id.*, by 'final agency action for which there is no other adequate remedy in a court,' 5 U.S.C. § 704"); *see also id.* at 1303.

The en banc Federal Circuit in *Martinez* explained the interaction between suits under the Tucker Act—for monetary relief and other relief incident to that—and suits under the APA for non-monetary relief, when those arise out of actions of military correction boards. APA actions do not turn on claims for money. *Martinez*, 333 F.3d at 1313. The Court of Federal Claims can review actions of military correction boards when the underlying basis for the suit is denial of back pay. But district courts are not empowered to review Tucker Act claims, for money damages, under the APA.

Of course, a service member may pursue relief via a military correction board. As discussed above, that avenue for relief is permissive, not mandatory. And, as discussed above, the service member must pursue that relief alongside a Tucker Act claim if he is worried about losing his opportunity under the Tucker Act's statute of limitations. *Martinez*, 333 F.3d at 1311-12. "All that a service member need do to preserve both the judicial remedy and the right to a reviewable decision by the correction board is to file suit within six years of the date of discharge and request that the court action be stayed until the correction board proceeding is completed. The Court of Federal Claims often follows that practice in military claims cases." *Id.* at 1309. Thus, the action of the Board can be reviewed, even though the Board's decision does not toll the statute of limitations or "generat[e] a second cause of action." *Id.* at 1304, 1312.

Finally, to the extent that Chaplain Cochran would like to modify his suit to avoid this Court's exclusive jurisdiction by avoiding any claim for money damages over $10,000, he may file that different complaint in district court. This Court will not entertain a complaint that is amended only for the purpose of *avoiding* any cause of action under this Court's jurisdiction.

### 2. A transfer is not in the interest of justice

In addition to the Virginia district court lacking jurisdiction over the subject matter of Chaplain Cochran's suit, a transfer to the Virginia district court is not in the interest of justice, as Chaplain Cochran has had many opportunities and many years to pursue his claims. Even if the Virginia district court were to conclude that it generally has subject-matter jurisdiction to decide Chaplain Cochran's APA suit, the district court would likely hold his case time barred.

Chaplain Cochran argues that the Virginia district court would find his complaint timely under the APA. ECF No. 16 at 8-10. Chaplain Cochran appears to argue that he is seeking a remedy not based on his 2004 non-promotion and 2011 discharge, but instead based on the Board's 2019 denial of his latest reconsideration request. Under that theory, he could sue in the Virginia district court under the APA for six years after the reconsideration denial, or as late as 2025.

Like the Tucker Act, the APA has a six-year statute of limitations. 28 U.S.C. § 2401(a). In *Martinez*, the en banc Federal Circuit reasoned that the APA's and the Tucker Act's statutes of limitations operate the same way. Consistent with the Tucker Act, for any cause of action under the APA, "courts may not require exhaustion of administrative remedies upon appeal from final

8

agency action, except where exhaustion is expressly required by statute or rule." *Martinez*, 333 F.3d at 1305. Thus, as the Federal Circuit explained, a plaintiff's choice to seek relief from a military correction board—a permissive remedy—does not toll the statute of limitations under the Tucker Act or under the APA, does not start a new statute-of-limitations clock, and does not permit a separate cause of action. *Id.* at 1305-08, 1311-16.

Chaplain Cochran's view of the law would result in effectively overriding Congress's decision to impose a time bar on APA claims by allowing him to toll the statute of limitations simply by filing a new request for reconsideration at any time. It is best to avoid "a regime in which a plaintiff can indefinitely toll the statute of limitations, [which] in this way would swallow the limits established by 28 U.S.C. § 2401(a)." *Green v. White*, 319 F.3d 560, 567 (3d Cir. 2003).

Different circuits apply different standards to whether an agency's decision on reconsideration tolls the APA's statute of limitations.[3] In general, "a decision not to reconsider a final action" is a category of decision the courts have traditionally regarded as unreviewable. *Weyerhaeuser Co. v. U.S. Fish and Wildlife*, 139 S. Ct. 361, 370 (2018) (citing *I.C.C. v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 282 (1987)). As discussed in section II.A, the Federal Circuit holds that permissive agency review procedures do not toll the statute of limitations. The Sixth Circuit holds that, if a party seeks reconsideration from an agency decision and attempts to appeal from that decision on reconsideration, a court of appeals determines whether the appeal is timely based on whether the agency's regulations indicate that the reconsideration request was timely. *Davis v. United States*, 589 F.3d 861, 864-65 (6th Cir. 2009). The D.C. Circuit holds that a denial of reconsideration is generally unreviewable, unless the request for reconsideration is based on new evidence or changed circumstances. *Palacios v. Spencer*, 906 F.3d 124, 127-28 (D.C. Cir. 2018) ("when an agency merely affirms its original decision in denying a petition for reconsideration, it has not rendered a judicially reviewable decision"; noting an exception to this rule where a requesting party identifies new evidence or changed circumstances).

In other words, none of those circuits would consider Chaplain Cochran's claims timely simply because he received a Board decision on one of his five reconsideration requests within six years of when he filed suit, particularly when, by his own description, his latest reconsideration request "repeated" an earlier request and sought the same relief. ECF No. 16 at 17.

Furthermore, Chaplain Cochran centers his argument on the premise that there is no final agency action in his case, and in fact there can never be final agency action because a service member can always request reconsideration of a Board decision. ECF No. 16 at 8 ("Defendant has not shown and cannot show when the [Board] reached a final decision."), 9 ("If an applicant can continuously challenge a Board decision, there can be no final decision until the applicant realizes further appeals are useless or the time for appeal expires."), 15 ("Defendant has not and cannot

---

[3] The Fourth Circuit—which would hear an appeal from the Virginia district court's merits decision—does not appear to have addressed whether a denial of reconsideration starts a new clock for purposes of a statute of limitations. *See Lanier-Finn v. Dep't of Army*, 963 F. Supp. 2d 476, 482 (D. Md. 2013). In choosing what law to apply, the Virginia district court could thus look to the law of a number of different circuits, including the Federal Circuit (discussed above), the Sixth Circuit, or the D.C. Circuit.

provide a final order"). The premise of APA review is that it is generally available only after final agency action. 5 U.S.C. § 704; *cf.* 5 U.S.C. § 706(1) (allowing for interlocutory appeals when agency action was unlawfully withheld or unreasonably delayed); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 882, 890 (1990). Without final agency action, Chaplain Cochran's APA case would be unripe, which is why the Federal Circuit has held that a claim accrues at the time of discharge, not at the time of a Board decision where reconsideration requests are permitted in multiple scenarios. *Martinez*, 333 F.3d at 1303-04. Regardless, it is not in the interest of justice to allow Chaplain Cochran's long-ago claim to stay alive simply through a string of reconsideration requests, which would allow him to "indefinitely toll the statute of limitations." *Green*, 319 F.3d at 567.

### III. Conclusion

For the reasons stated above, this Court **grants** the government's motion to dismiss, **dismisses** Chaplain Cochran's complaint and **denies** his alternative request to transfer the case to the U.S. District Court for the Eastern District of Virginia. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

    s/ Molly R. Silfen
MOLLY R. SILFEN
Judge