# In the United States Court of Federal Claims

WALTER EDWARD COCHRAN, IV,
as personal representative of
WALTER COCHRAN,

                *Plaintiff,*

v.

THE UNITED STATES,

                *Defendant.*

No. 22-1474C

(Filed: January 12, 2024)

Arthur A. Schulcz, Sr, Leesburg, VA, for plaintiff.

Reta E. Bezak, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER
### Denying Plaintiff's Motion for Reconsideration of the Court's Judgment

**SILFEN,** *Judge.*

      On September 11, 2023, the court issued an opinion granting the government's motion to dismiss and denying Chaplain Cochran's alternative request for a transfer to a district court. Chaplain Cochran filed a motion for reconsideration under this court's rules 59(e), 60(a), and 60(b). In his motion, Chaplain Cochran raises two bases for reconsideration: (1) he argues that the court wrongly interpreted his request for correction of his records as being tied to money-mandating statutes within this court's exclusive jurisdiction, instead of simply requesting a "correction of his records"; and (2) he argues that the court misapplied the statute of limitations. Chaplain Cochran's motion does not show the extraordinary circumstances that would warrant relief and, thus, this court denies the motion for reconsideration.

**I.**    **Discussion**

      The standard for granting a motion for reconsideration of a final judgment is high. A movant must show "extraordinary circumstances to justify relief." *Crews v. United States*, 424 Fed. Appx. 937, 940 (Fed. Cir. 2011); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988). The three most common bases for revising a judgment are: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Del. Valley Floral Groups, Inc. v. Shaw Rose Nets, LLC*, 597

F.3d 1374, 1383 (Fed. Cir. 2010) (quotation marks omitted). Reconsideration based on a need to correct clear error or prevent manifest injustice is appropriate only "where the Court has patently misunderstood a party or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Id*. at 1384 (internal citations and quotation marks omitted). When a party asks the court to correct a clear error, the party cannot prevail "unless it demonstrates that any injustice is apparent to the point of being almost indisputable." *Griffin v. United States*, 96 Fed. Cl. 1, 7 (2010) (quotation marks omitted). The court will not grant a motion for reconsideration when the movant merely restates arguments previously made and considered by the court or when the movant raises entirely new subjects that he could have raised earlier. *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002); *Lee v. United States*, 130 Fed. Cl. 243, 253 (2017), *aff'd*, 895 F.3d 1363 (Fed. Cir. 2018).

Chaplain Cochran first repeats his argument that this court lacks jurisdiction over the subject matter of his complaint, such that a transfer to a district court—which he argues would have subject-matter jurisdiction—is warranted. He argues that his claims are for correction of records by a military board and therefore do not fall under a money-mandating statute that would give this court jurisdiction over his claims. ECF No. 25 at 2-3. Chaplain Cochran argues that the court ignored that his complaint challenges the decision of the board of corrections as arbitrary, capricious, and contrary to law, and instead looked to the administrative cover sheet that included a request for $400,000 in money damages. *Id*. Chaplain Cochran further asserts that both parties agree that the court lacks jurisdiction over his claim "that the board discriminated against him on religious grounds." *Id* at 3.

Chaplain Cochran's arguments fail to show clear error. The court already addressed these arguments. The court invited Chaplain Cochran to address the character of his claims, and whether he was seeking monetary relief, in supplemental briefing. ECF No. 20. The court asked what effect correcting the record would have on Chaplain Cochran's estate, monetary or otherwise. *Id.* at 2. Chaplain Cochran responded that he would be promoted, unretired, and entitled to a financial award equal to the difference between the rank he had and the rank he claims he is entitled to. ECF No. 21 at 4. The court discussed Chaplain Cochran's statements in its decision, explaining that "although the correction of his military records is equitable relief, it is in service of the back pay request." *Cochran v. United States*, 167 Fed. Cl. 305, 310 (2023). As a result, the court held that the subject matter of Chaplain Cochran's suit is within the exclusive jurisdiction of this court. *Id*. (citing *Smith v. Secretary of the Army*, 384 F.3d 1288, 1293-94 (Fed. Cir. 2004)). The court explained that if a plaintiff is seeking both back pay and correction of his records, the Federal Circuit has held that this court is the proper venue for those claims, and it would be improper to divide the case into two parts. *Id.* at 311 (citing *Smith*, 384 F.3d 1288, 1293-94 (Fed. Cir. 2004)). And the court explained that Chaplain Cochran's constitutional and statutory religious-discrimination claims are within this court's jurisdiction because he raised them as an underlying basis for his wrongful-discharge argument. *Id.* at 311 & n.2. In his motion for reconsideration, Chaplain Cochran does not address the court's reasoning, or the cases the court relied on, instead arguing that the court ignored his claims for equitable relief. Chaplain Cochran's arguments do not meet the high threshold for showing clear error in the court's decision.

Chaplain Cochran's second basis for his motion is that the court erred in finding his claims barred by the statute of limitations because his claims had not yet accrued, as he has yet to exhaust his administrative remedies. ECF No. 25 at 3-5. Chaplain Cochran argues that the judicial review

language in 10 U.S.C. §§ 1552, 1558(f), and 628(h) is mandatory and not permissive, and therefore any cause of action does not accrue until after administrative remedies have been exhausted. *Id.* at 4-5 (quoting *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 56-57 (D.C. Cir. 1987), which requires exhaustion only when "exhaustion is a prerequisite to suit"). According to Chaplain Cochran, under sections 1552 and 1558, the cause of action accrues when the plaintiff has obtained evidence and presents it to the board. *Id*. at 8.

Chaplain Cochran fails to show clear error in the court's analysis of the statute of limitations. As an initial matter, Chaplain Cochran's reliance on section 628 is a new argument that he could have previously presented to the court and did not. *See generally Lee*, 130 Fed. Cl. at 253 ("The one new element plaintiffs introduce … is unavailing because this allegation could have been made during the prior proceedings."). And he argues only that section 628 is similar to section 1558 because it also provides a mandatory, not permissive, review scheme. ECF No. 25 at 3-5.

On section 1558, Chaplain Cochran does not substantively address the court's analysis, nor does he argue that the law this court relied on is inapplicable to this case. This court held that Chaplain Cochran's administrative remedy was permissive because there "is no requirement that the plaintiff seek relief from a correction board or that the correction board enter a final decision denying relief" before that plaintiff can file suit. *Cochran*, 167 Fed Cl. at 309. Under *Martinez*, when the available administrative remedy is permissive, the "cause of action for back pay accrues at the time of the plaintiff's discharge." *Cochran*, 167 Fed Cl. at 309 (quoting *Martinez v. United States*, 333 F.3d 1295 (Fed. Cir. 2003) (en banc)). Because Chaplain Cochran was discharged in 2011, eleven years before he filed his complaint, he filed too late. *Id.*

Chaplain Cochran disagrees that his administrative remedy was permissive. He argues that his administrative remedy is prescribed by section 1558 and, as the Federal Circuit confirmed in *Santana v. United States*, 732 F. App'x 864, 870-71 (Fed. Cir. 2017), section 1558 contains a mandatory administrative review scheme. Chaplain Cochran is correct that section 1558 includes a mandatory administrative process for seeking review of the decisions of certain military review boards. But Chaplain Cochran's complaint does not fall under the scheme of section 1558.

Confusingly, under section 1558, the terms "special selection board," "selection board," and "special board" each have a different meaning, and the mandatory review scheme of section 1558 applies only to some kinds of boards. Section 1558 prescribes a mandatory review scheme for any decision coming out of a "selection board": in those cases the service member must generally seek a decision from a "special board" before seeking court review. 10 U.S.C. § 1558(f)(1). But decisions from "special selection boards" are explicitly excluded from that mandatory review scheme. 10 U.S.C. § 1558(b)(2)(B) (the term "selection board" does not include a "special selection board convened under section 628 of this title … [or a] board for the correction of military records convened under section 1552 of this title"); 10 U.S.C. § 1558(b)(1)(C) (a "special board … does not include a promotion special selection board convened under section 628 of this title"). That is why, in *Martinez*, the plaintiff's decision to seek review by a corrections board and then a "special selection board" was permissive (333 F.3d at 1300, 1306-08), while in *Santana*, the plaintiff was mandatorily required to seek review by a "special board" (732 F. App'x at 868, 870-71).

Chaplain Cochran's complaint requests the convening of a "special selection board … under [sections] 1552 and 1558" to reconsider his promotion. ECF No. 12 at 30 [¶¶76, 79]. He repeats

3

the same language in his request for reconsideration. ECF No. 25 at 2-3. The problem is that a "special selection board" falls outside the provisions of sections 1552 and 1558. 10 U.S.C. § 1558(b)(1)(C), (2)(B). In other words, there is no "special selection board" *under* sections 1552 and 1558. Because Chaplain Cochran asks for a "special selection board," not for a "selection board" or a "special board," his request falls outside the mandatory review scheme of section 1558 and instead into the more general rule, under *Martinez*, that, in a military discharge case, the administrative review process is permissive and not mandatory. 333 F.3d at 1303. Thus, his cause of action accrued at the time of discharge. *Id.* That holding was not clear error.

Further, even if the special selection board were deemed to fall under section 1558, and therefore to be a mandatory administrative review process, the most recent special selection board made its decision in his case in 2012. ECF No. 10-3 (AR 127). Although Chaplain Cochran requested that board's reconsideration, there is no plausible argument that it is mandatory for a service member to request reconsideration from the special selection board. *See generally Cochran*, 167 Fed. Cl. at 313 (citing *Green v. White*, 319 F.3d 560, 567 (3d Cir. 2003) (explaining that it is best to avoid "a regime in which a plaintiff can indefinitely toll the statute of limitations, [which] in this way would swallow the limits established by 28 U.S.C. § 2401(a)")); *Lanier-Finn v. Dep't of Army*, 963 F. Supp. 2d 476, 482 n.5 (D. Md. 2013) (concurring with Third Circuit's rejection of indefinite tolling of the statute of limitations); *Cage v. McHugh*, 963 F. Supp. 2d 29, 32 (D.D.C. 2013). Any cause of action that accrued in 2012, ten years before Chaplain Cochran filed his complaint, would likewise be time barred.

And finally, even if the court were to agree that Chaplain Cochran had not exhausted some mandatory administrative remedy under section 1558 or 628, the court still would have to dismiss his case for lack of jurisdiction because the court would be statutorily barred from reviewing his claims until he exhausted his administrative remedies. *Santana*, 732 F. App'x at 871 (affirming the Court of Federal Claims' dismissal of the case for failure to exhaust administrative remedies under section 1558). Chaplain Cochran cannot seek this court's review of a case that is not yet ripe. *See Cochran*, 167 Fed. Cl. at 314 (citing cases on ripeness and citing ECF No. 16 at 8 (Chaplain Cochran arguing that the government "has not shown and cannot show when the [corrections board] reached a final decision"), 9 ("If an applicant can continuously challenge a [corrections board] decision, there can be no final decision until the applicant realizes further appeals are useless or the time for appeal expires."), 15 ("Defendant has not and cannot provide a final order")).

## II.     Conclusion

For the reasons stated above, this Court **denies** Chaplain Cochran's motion for reconsideration.

**IT IS SO ORDERED.**

 s/ Molly R. Silfen
MOLLY R. SILFEN
Judge

4